IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

DR. DONNA HESTON,

Plaintiff,

v.

Civil Action No. 1:26-cv-00092-TSK
Judge Thomas S. Kleeh

THE MARION COUNTY BOARD OF EDUCATION, DONNA COSTELLO, in her individual and official capacity as a member of the Marion County Board of Education; KEVIN ROGERS, in his individual and official capacity as a member of the Marion County Board of Education; and JAMES SAUNDERS, in his individual and official capacity as a member of the Marion County Board of Education,

Defendants.

**DEFENDANTS COSTELLO'S AND ROGERS' MOTION TO STAY DISCOVERY AND INITIAL DISCLOSURES PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

**NOW COME** Defendants, Donna Costello ("Costello") and Kevin Rogers ("Rogers"), by counsel, Heather M. Noel, J. Robert Russell, and the law firm of Shuman McCuskey Slicer PLLC, and move this Honorable Court to stay discovery and initial disclosures pursuant to Fed. R. Civ. Rule 26(c) pending resolution of Defendants' dispositive motion (ECF No. 11). In support thereof, these Defendants state the following:

Plaintiffs filed the instant Complaint on July 31, 2026. [ECF No. 1]. Plaintiff filed her First Amended Complaint (the "FAC") on August 3, 2026. [ECF No. 3]. The FAC was served on Defendants Costello and Rogers on September 3, 2026. [ECF Nos. 7 & 8]. On September 24, 2026, these Defendants filed their Motion to Dismiss and supporting Memorandum of Law, seeking dismissal of all of Plaintiffs' claims against said Defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure due to the failure to plead facts creating a plausible claim and qualified

immunity with respect to Plaintiff's Equal Protection claims and lack of a cognizable claim under the West Virginia Human Rights Act. [ECF No. 11]. That same day, Defendant Marion County Board of Education ("Board") filed its Motion to Dismiss Plaintiff's Complaint. [ECF No. 10]. Plaintiff responded to the Motions on October 8, 2026. [ECF Nos. 16 & 17]. Defendants replied on October 15, 2026. [ECF Nos. 18 & 19].

On September 29, 2026, this Court issued the First Order and Notice Regarding Discovery and Scheduling Conference. [ECF No. 12]. Pursuant to said Order, the parties are to hold a planning meeting by October 29, 2026, to determine proposed trial dates and discovery deadlines pursuant to Fed. R. Civ. P. 16(b) and 26(f) and Local Rule of Civil Procedure 16.01 and 26.01, with initial disclosures to occur no later than November 30, 2026.

The undersigned counsel for Defendants reached out to counsel for Plaintiff raising the possibility of entering into a stipulation staying discovery and initial disclosures pending resolution of Defendants' Motion to Dismiss. Counsel for Plaintiff was not agreeable to the same.

In *Saucier v. Katz*, 533 U.S. 194 (2002), the United States Supreme Court made clear that qualified immunity is an immunity from suit that should be resolved at the earliest possible stage.

> In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence. ***Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation***. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is an ***immunity from suit*** rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if the case is erroneously permitted to go to trial. *Ibid.* As a result, we repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)(per curiam).

*Id.* at 200-202 (emphasis added).

The very heart of the immunity defense is that it spares a defendant from having to go forward with an inquiry into the merits of the case. *See*, *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42, 115 S. Ct. 1203, 1208 (1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (One of the purposes of qualified immunity is to "free officials from the concerns of litigation, including avoidance of disruptive discovery") (internal citations and quotations omitted). *See also*, *Gorchev v. Pintar*, 2015 U.S. Dist. LEXIS 109627, *2-3 (N.D. W. Va., Aug. 19, 2015) ("Upon consideration, the Court finds good cause to stay discovery. Both the Plaintiff and the Defendant would suffer undue burden and undue expense should the Court later determine that it lacks subject-matter jurisdiction. The Court believes it is in the best interest of both parties to stay all discovery matters until the Court renders its decision on the Defendant's Motion to Dismiss.").

> By first determining whether any of the defendants are entitled to qualified immunity, the court can ensure that these parties do not lose some of the protections of that immunity by participating in discovery in the intervening time. Furthermore, [the plaintiff] will not suffer any clear hardship by waiting for a ruling on the motions to dismiss. A stay would likely delay by only a few months any recovery it received in this case.

*Citynet, LLC v. Frontier W. Va.*, 2016 U.S. Dist. LEXIS 144621, *5 (S.D. W. Va., Oct. 19, 2016).

These Defendants request the Court stay discovery and the initial disclosures pending the outcome of the pending dispositive motions in order to prevent the parties from having to incur any undue burdens or expenses. The Court has broad power to stay discovery, including the initial disclosures, until said Defendants' dispositive motions have been ruled upon. *See* Fed. R. Civ. P. 26(c)(1)(A) ("The Court may … for good cause, issue an order to protect a party … from … undue burden or expense … forbidding the disclosure or discovery."). This power is particularly important at this stage of the matter because these Defendants will otherwise be subject to the undue burden and expense of the initial disclosures and potential discovery pending the outcome

of their dispositive motions, efforts and expenses that may be unnecessary based on the Court's ruling on said motions. Accordingly, the Court should stay all discovery and initial disclosures under Rule 26 until the issues raised in the Defendants' dispositive motions are adjudicated.

**WHEREFORE**, Defendants, Costello and Rogers, respectfully request that the Court stay discovery and initial disclosures pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and grant said Defendants such additional relief as the Court deems just and proper.

DONNA COSTELLO and
KEVIN ROGERS,
By counsel.

/s/ Heather M. Noel________________
Heather M. Noel, W. Va. Bar No. 7814
J. Robert Russell, W. Va. Bar No. 7788
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304/291-2702 telephone
304/291-2840 facsimile
hnoel@shumanlaw.com
rrussell@shumanlaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

DR. DONNA HESTON,

Plaintiff,

v.

Civil Action No. 1:26-cv-00092-TSK
Judge Thomas S. Kleeh

THE MARION COUNTY BOARD OF EDUCATION, DONNA COSTELLO, in her individual and official capacity as a member of the Marion County Board of Education; KEVIN ROGERS, in his individual and official capacity as a member of the Marion County Board of Education; and JAMES SAUNDERS, in his individual and official capacity as a member of the Marion County Board of Education,

Defendants.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, hereby certify that on October 23, 2026, I electronically filed the foregoing **DEFENDANTS COSTELLO'S AND ROGERS' MOTION TO STAY DISCOVERY AND INITIAL DISCLOSURES PENDING RESOLUTION OF DISPOSITIVE MOTIONS** with the Clerk of the Court using the CM/ECF System on the following counsel of record:

Ryan J. Umina, Esq.
Umina Legal, PLLC
133 Greenbag Rd.
Morgantown, WV 26501
ryan@uminalegal.com
*Counsel for Plaintiff*

Keith C Gamble
Litchfield Cavo LLP
1220 Greenbag Road
Morgantown, WV 26508
*Counsel for James Saunders*

Thomas E. Buck, Esq.
Mark A. Kepple, Esq.
Isabella M. Ortiz, Esq.
Bailey & Wyant, P.L.L.C.
1219 Chapline St.
Wheeling, WV 26003
tbuck@baileywyant.com
mkepple@baileywyant.com
iortiz@baileywyant.com
*Counsel for Marion County Board of Education*

/s/ Heather M. Noel________________
Heather M. Noel, W. Va. Bar No. 7814
J. Robert Russell, W. Va. Bar No. 7788
Shuman McCuskey Slicer PLLC
300 Wedgewood Drive, Suite 110
Morgantown, WV 26505
304/291-2702 telephone
304/291-2840 facsimile
hnoel@shumanlaw.com
rrussell@shumanlaw.com